E-FILED
Friday, 17 August, 2018 10:46:55 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| GRIEG MACON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 18-4137 |
| | ) | |
| GERALD BUSTOS, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## **MERIT REVIEW ORDER**

Plaintiff, proceeding pro se and presently detained in the Rock Island County Jail, brings the present lawsuit pursuant to 42 U.S.C. § 1983 alleging inhumane conditions of confinement. The matter comes before this Court for merit review under 28 U.S.C. §1915A. In reviewing the complaint, the Court takes all factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (internal citation omitted).

Plaintiff is presently detained at the Rock Island County Jail ("jail"). Defendants are employed at the jail in the following capacities: Defendant Bustos is the Sheriff; Defendant Erickson is a captain; Defendants Young and Nessler are lieutenants; Defendant Brown is a sergeant; and, Defendant Stulir is an Inmate Services Officer.

Plaintiff alleges that Defendants, collectively, have deprived him and other inmates of opportunities for exercise. Specifically, Plaintiff alleges that "when inmates participate in working out we are stopped by correctional staff and are threatened with segregation and commissary denial." Plaintiff also alleges that jail

officials have denied access to "an official recreational room," a gymnasium, and "an outside area where inmates could receive fresh air." Instead, Plaintiff alleges, he and other inmates are confined to a dorm for 24 hours a day. Plaintiff also alleges that jail officials have denied educational opportunities to obtain a G.E.D.

As a pretrial detainee, Plaintiff's claims arise under the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment's proscription against cruel and unusual punishment. *Burton v. Downey*, 805 F.3d 776, 784 (7th Cir. 2015). Nonetheless, courts analyze a pretrial detainee's conditions-of-confinement claim under the Eighth Amendment standard. *Id.* (citing *Smego v. Mitchell*, 723 F.3d 752, 756 (7th Cir. 2013)). To prevail, a plaintiff must show that prison officials were deliberately indifferent towards an objectively serious risk of harm. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008).

A prison condition is objectively serious if "a prison official's act or omission result[ed] in the denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan,* 511 U.S. 832, 834 (1994) (internal quotation marks omitted); *see also Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). Jail conditions may be uncomfortable and harsh without violating the Constitution. *See Dixon v. Godinez*, 114 F.3d 640, 642 (7th Cir.1997); *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir.1996) ("The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones[.]" (citing *Farmer*, 511 U.S. at 832)).

Therefore, "extreme deprivations are required to make out a conditions-of-confinement claim." *Henderson v. Sheahan*, 196 F.3d 849, 845 (7th Cir.1999). Conditions of confinement that would not independently violate the Constitution, if endured simultaneously, may establish a sufficiently serious deprivation, but "only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need…." *Wilson v. Seiter*, 501 U.S. 294, 304 (1991).

The Court must consider both the severity and the duration of the alleged lack of exercise to determine whether Plaintiff states a viable claim. *Compare Delaney v. DeTella*, 256 F.3d 679, 683-84

(7th Cir. 2001) ("[S]hort-term denials of exercise may be inevitable in the prison context and are not so detrimental as to constitute a constitutional deprivation."), *with Pearson v. Ramos*, 237 F.3d 881, 884 (7th Cir. 2001) (denial of yard privileges for more than 90 days could amount to a constitutional deprivation). Plaintiff has not alleged for how long he has been forced to endure the deprivations he alleges. Further, the extent to which Plaintiff is able to exercise is also unclear as his allegations suggest that he has had some opportunity to exercise. *See* (Doc. 1 at 8) ("When inmates participate in working out…."). Therefore, the Court finds that Plaintiff has not yet stated a constitutional claim based upon the alleged denial of exercise.

Moreover, "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) (citations omitted). A plaintiff must plead that each official, "though the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). A government official may not be held liable under § 1983 on a theory of respondeat superior, that is, for the unconstitutional acts of his or her subordinates. *Id.* To be held liable, a government supervisor "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye…." *Vance*, 97 F.3d at 993 (quoting *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)). Plaintiff must, therefore, describe how each defendant in this case personally participated in the constitutional violations he alleges. Plaintiff has not yet done so.

With respect to the alleged denial of access to a GED program, Plaintiff does not state a claim. *See Garza v. Miller*, 688 F.2d 480, 485 (7th Cir. 1982) (no constitutional right to educational opportunities). The Court will dismiss this claim.

Accordingly, the Court will grant Plaintiff an opportunity to file an amended complaint within 30 days to provide additional information regarding his claim that he has been denied opportunities for exercise.

## Plaintiff's Motion for Class Action (Doc. 6)

Plaintiff, along with five (5) other inmates at the Rock Island County Jail, contemporaneously filed the same complaint in their respective cases. *See Dunlop v. Bustos*, No. 18-4136 (C.D. Ill., filed Jul. 23, 2018); *Macon v. Bustos*, No. 18-4137 (C.D. Ill., filed Jul. 23, 2018); *Roberson v. Bustos*, No. 18-4138 (C.D. Ill., filed Jul. 23, 2018); *Hamilton v. Bustos*, No. 18-4139 (C.D. Ill., filed Jul. 23, 2018); *Williams v. Bustos*, No. 18-4140 (C.D. Ill., filed Jul. 23, 2018); *Harris v. Bustos*, No. 18-4141 (C.D. Ill., filed Jul. 23, 2018). With their complaints, Plaintiff and the other inmates included a letter requesting that their cases be handled as a class action. The Court interprets this letter as a motion.

Though not specified, Plaintiff's letter suggests that one or all of the inmates proceeding *pro se* will act as class representatives in this matter. Inmates proceeding *pro se* are not allowed to act as class representatives. *See Huddleston v. Duckworth*, 97 F.R.D. 512, 514-55 (N.D. Ind. 1983). Therefore, Plaintiff's motion is denied.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint on his claim related to the alleged denial of exercise. Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. Accordingly, the amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

2) **Plaintiff's motion for counsel [5] is denied, with leave to renew upon demonstrating that he made attempts to hire his own counsel.** *Pruitt v. Mote*, **503 F.3d 647, 654-55 (7th Cir. 2007). This typically requires writing to several lawyers and attaching the responses. If Plaintiff renews his motion, he should set forth how far he has gone in school,**

**any jobs he has held inside and outside of prison, any classes he has taken in prison, and any prior litigation experience he has.**

**3) Plaintiff's Motion for Class Action [6] is denied.**

Entered this 17th day of August, 2018.

/s/Harold A. Baker

---
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE